# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF VIRGINIA

## RICHMOND DIVISION

InRe: James L. and DorisL. Johnson     Case No.    3:11-bk-31004 -KRH

      Debtors/Movants.      Chapter    13

James L. Johnson

DorisL. Johnson,

      Plaintiffs.

    v.                         APN:      3:11-AP–03122-KRH

USAA FederalSavings Bank

FrancisR. Mroz

      Defendants.

## CONSENT ORDER

Upon consideration of the Complaint filed by the Plaintiffs, by counsel, pursuant to 11 U.S.C. 506(a) and §1322 to avoid the second deed of trust lien on real estate held by the Defendants, USAA Federal Savings Bank and Francis R. Mroz, Trustee, who appeared by counsel, and

IT APPEARING to be the representations and agreement of the Plaintiffs and Defendants, the Court finds that:

1. The Plaintiffs own real estate situated in Chesterfield County, Virginia known as 7827 Mill River Court by way of Deed recorded in the Circuit Court of Chesterfield County, Virginia in Book 8766 Page 0372. The

Mitchell P. Goldstein, Esq., VSB 40613

mitch@mitchellpgoldstein.com

Goldstein Law Group

9962 Brook Road, #647

Glen Allen, VA 23059

(804) 592-1674

property was transferred from a trust held for the Plaintiffs and recorded

by Deed in Book 7583 at Page 0049. The legal description of that

property is as follows:

ALL that certain lot, piece or parcel of land with all the buildings and improvements thereon and the appurtenances thereunto belonging, situate and being in the County of Chesterfield, Virginia, and being known, numbered and designated as Lot 34, as shown on that certain plat entitled "Five Forks Village, Phase III, Subdivision Identification Numbers 000-4575-03, Dale Magisterial District, Chesterfield Co,. VA.", which plat is duly recorded in the Clerk's Office of the Circuit Court of Chesterfield County, Virginia, in Plat Book 97, pages 29 through 31.

BEING the fee simple property which, by Deed dated December 18, 2006, and recorded in the Clerk's Office of the Circuit Court of the County of Chesterfield, Virginia, in Deed Book 7583, Page 0049, was granted and conveyed by James L. Johnson and Doris L. Johnson unto James L. Johnson and Doris L. Johnson Trustees under the James L. Johnson and Doris L. Johnson Revocable Declaration and Trust Dated December 18, 2006.

2.     The Defendants are the original holder of, and/or assignee of, a

promissory note executed by Plaintiffs James L. and Doris L. Johnson

secured by a Deed of Trust and recorded in Book 7714 at Page 0736.

3.     The principal residence was worth no more than $210,000.00 and was

subject to a first Deed of Trust with a balance of $222,320.72 recorded in

8766 at Page 0375.

4.     The Credit Line Deed of Trust held by defendant USAA is subject to a

subordination of lien making it junior to the first Deed of Trust.

6.     No security exists for any Deed of Trust other than the first. All liens other

than the first deed of trust are not "secured only by a security interest in

real property that is the debtor's principal residence." Therefore, the

Mitchell P. Goldstein, Esq., VSB 40613

mitch@mitchellpgoldstein.com

Goldstein Law Group

9962 Brook Road, #647

Glen Allen, VA 23059

(804) 592-1674

Plaintiffs are not barred from modifying their rights under 11 U.S.C. 1322(b)(2).

Upon consideration of the Complaint and agreement of the parties, it is hereby

**ORDERED** that the claim of USAA Federal Savings Bank secured pursuant to its second deed of trust lien is allowed as an unsecured claim in this case, and the Trustee shall treat any timely filed amended proof of claim of the Defendants as an allowed unsecured claim;

**FURTHER ORDERED** that the Defendants shall have thirty (30) days from the entry of this Order within which to file an amended claim for the total amount due to date;

**FURTHER ORDERED** that unless this case is later dismissed or converted to a Chapter 7 case, the second deed of trust lien of the Defendants on the residence is void and shall be of no effect during the pendency of this case under Chapter 13. The second deed of trust lien and claim of the Defendants shall be allowed in full as an unsecured claim and be treated as such during this pending case, and such lien shall be void for all other purposes when and if the Plaintiffs complete any confirmed Chapter 13 plan in this case and receive their discharges in bankruptcy herein;

**FURTHER ORDERED** that the Defendants are to cancel the second deed of trust lien on the primary residence immediately upon the entry of a Discharge Order in this Chapter 13 case and deliver the same to the attorney for the debtor within 30 days

---

Mitchell P. Goldstein, Esq., VSB 40613
mitch@mitchellpgoldstein.com
Goldstein Law Group
9962 Brook Road, #647
Glen Allen, VA 23059
(804) 592-1674

from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

**FURTHER ORDERED** that in the event of dismissal of this case or conversion of this case to any other chapter of the Bankruptcy Code, this Order shall be void and of no effect, and the Defendants' second deed of trust lien thereafter shall remain valid and existing for all purposes against the subject residence and real estate with the same priority under applicable non-bankruptcy law;

**FURTHER ORDERED** that in the event that any entity forecloses upon the subject property during the pendency of this case and before entry of a discharge, the second deed of trust lien of the Defendants shall attach to any surplus proceeds to the same extent that existed prior to the entry of this Order. Further, in the event that the subject property is sold or refinanced by the Plaintiffs during the pendency of this case and before the entry of their discharges and completion of this Chapter 13 case, the second deed of trust lien of the Defendants shall be valid for all purposes and paid in full;

**FURTHER ORDERED** that the attorney for the Plaintiff be awarded reasonable attorney fees and costs to be determined by this Court upon the filing of a supplemental fee application; and

**FURTHER ORDERED** that the Clerk of the Court is directed to send true copies of this Order to all counsel of record.

---

Mitchell P. Goldstein, Esq., VSB 40613

mitch@mitchellpgoldstein.com

Goldstein Law Group

9962 Brook Road, #647

Glen Allen, VA 23059

(804) 592-1674

Jun 13 2011

ENTERED this _____ day of _____, 2011.

/s/ Kevin R. Huennekens
_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on Docket: Jun 13 2011

JAMES L. JOHNSON and DORIS L. JOHNSON

BY COUNSEL:        /s/ Mitchell P. Goldstein, Esq. _____

Mitchell P. Goldstein, Esq., VSB 40613

mitch@mitchellpgoldstein.com

Goldstein Law Group

9962 Brook Road, #647

Glen Allen, VA 23059

(804) 592-167

Counsel for Plaintiffs

/s/ ERIC DAVID WHITE (authorized by Michale Freeman by email)

Eric White

Of Counsel

Samuel I. White, P. C.

Eric David White, Esquire, VSBN 21346

Michael T. Freeman, Esquire, VSBN 65460

1804 Staples Mill Road, Suite 200

Mitchell P. Goldstein, Esq., VSB 40613

mitch@mitchellpgoldstein.com

Goldstein Law Group

9962 Brook Road, #647

Glen Allen, VA 23059

(804) 592-1674

Richmond, VA 23230

Tel: (804) 290-4290

Fax: (804) 290-4298

ewhite@siwpc.com

Counsel for Defendants

Mitchell P. Goldstein, Esq., VSB 40613

mitch@mitchellpgoldstein.com

Goldstein Law Group

9962 Brook Road, #647

Glen Allen, VA 23059

(804) 592-1674

## CERTIFICATION PURUSANT TO LBR 9022–1

I hereby certify that a true and correct copy of the foregoing Corrected Order on Default Judgment was served on or endorsed by all necessary parties via electronic delivery and/or first-class mail, postage pre-paid to all parties in interest.

_/s/ Mitchell P. Goldstein, Esq._

Mitchell P. Goldstein, Esq., 40613

Mitchell P. Goldstein, Esq., VSB 40613

mitch@mitchellpgoldstein.com

Goldstein Law Group

9962 Brook Road, #647

Glen Allen, VA 23059

(804) 592-1674

United States Bankruptcy Court
Eastern District of Virginia

Johnson,
     Plaintiff
                                       Adv. Proc. No. 11-03122-KRH

USAA Federal Savings Bank,
     Defendant

# CERTIFICATE OF NOTICE

| District/off: 0422-7 | User: luckenbau | Page 1 of 1 | Date Rcvd: Jun 13, 2011 |
|---|---|---|---|
| | Form ID: pdforder | Total Noticed: 4 | |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 15, 2011.
```
pla          +Doris L. Johnson,   7827 Mill River Court,   Chesterfield, VA 23832-9238
dft          +Francis E. Mroz,   130 Park Street SE #200,   Vienna, VA 22180-4626
pla          +James L. Johnson,   7827 Mill River Court,   Chesterfield, VA 23832-9238
dft          +USAA Federal Savings Bank,   10750 McDermott Freeway,   San Antonio, TX 78288-1600
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                           TOTAL: 0

     ***** BYPASSED RECIPIENTS *****
NONE.                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 15, 2011**                     **Signature:** _Joseph Speetjens_